UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Romario Winslow,<br>    Plaintiff<br>v.<br>James Dzurenda, et al.,<br>    Defendants | 2:17-cv-02374-JAD-PAL<br><br>**Order Dismissing Case** |

On September 26, 2017, Magistrate Judge Leen ordered pro se plaintiff Romario Winslow to file a completed application to proceed *in forma pauperis* or pay the $400.00 filing fee within 30 days.[1] Judge Leen also informed Winslow that his failure to file a completed pauper application or pay the filing fee would result in dismissal of this action.[2] The 30-day deadline has now expired, and Winslow has not complied with or otherwise responded to Judge Leen's order.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action for lack of

---

[1] ECF No. 4 at 2.

[2] *Id.*

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement,[7] and Judge Leen warned Winslow that dismissal would result from his noncompliance.[8]

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED** without prejudice based on Winslow's failure to file an application to proceed *in forma pauperis* or pay the $400 filing fee in compliance with Judge Leen's September 26, 2017, order.

---

(9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 4 at 2.

The **Clerk of Court** is directed to enter judgment accordingly and **CLOSE THIS CASE.**

DATED: November 3, 2017.

_____
Jennifer A. Dorsey
United States District Judge